**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**


**RODNEY EUGENE SMITH,**

     **Plaintiff,**

**vs.**                                                    **CASE NO. 1:08CV147-MP/AK**

**WALTER A. MCNEIL,**

     **Defendants.**

_____/


## O R D E R

     Plaintiff brings this cause pursuant to 42 U.S.C. §1983 against the Secretary of the FDOC alleging that his disciplinary report violated due process because he was found guilty on the DR and placed on close management, even though he was found not guilty on the criminal charge arising from the same incident.  (Doc. 1).  He seeks injunctive relief, *i.e.* that he be placed back in general population and that the loss of 180 days gain time be restored.

     Plaintiff complains that the DR was based on the statements of the victim only, and he disagrees with this "evidence" that resulted in his being found guilty on the DR. He asks the Court to review the decision, which he describes as "unprofessional." Plaintiff also complains that the inspector general's report on the incident does not conform to prison guidelines because it, too, relies on the victim's statement.  In short, Plaintiff disagrees with the result of the disciplinary proceeding and asks this Court to act as an appeal tribunal of this administrative decision.

The Supreme Court has expressly held that a state prisoner who is subjected to disciplinary punishment that is within the prisoner's expected condition of confinement cannot show deprivation of a protected liberty interest. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).   Only those disciplinary actions which pose an "atypical and significant hardship in relation to the ordinary incidents of prison life" may constitute a constitutional deprivation. Sandin, 515 U.S. at 484.

A section 1983 suit may be brought challenging disciplinary procedures, but not if the nature of the challenge to the procedures could be such as to necessarily imply the invalidity of the judgment. Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997).  The Eleventh Circuit has interpreted Balisok to foreclose all claims challenging a disciplinary proceeding unless they were "purely procedural, as in Wolff...." Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence.  Wolff v. McDonnell, 418 U.S. 539 (1974);  Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

The transfer of an inmate to a "less amenable and more restrictive" housing assignment, if not punitive in nature, is within the discretion of the prison, and "within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460 (1983).

**No. 1:08cv147-mp/ak**

Plaintiff does not identify a recognized procedural error with regard to his disciplinary proceeding, he simply disagrees with the evidence presented against him, and this Court does not second guess disciplinary decisions made by the prison.

Further, the restoration of gain time is not relief which can be afforded Plaintiff in a civil rights action.  Habeas corpus is the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); " Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  Prisoners may not seek to reduce their period of confinement through a civil rights action.  Preiser, 411 U.S. at 499.  Attacking the length of a period of incarceration by seeking the restoration of gaintime is an attack on the length of confinement which is a *habeas corpus* claim and may only be litigated through the filing of a habeas petition under 28 U.S.C. § 2254.  *Id.*

Therefore, Plaintiff should consider dismissing his lawsuit under the present facts.  If he chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

**No. 1:08cv147-mp/ak**

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must respond to this order by **October 17, 2008.**

3.  **Failure of Plaintiff to respond to this order or submit the requested**

**information or explain his inability to do so will result in a recommendation to the**

**District Judge that this action be dismissed.**

**DONE AND ORDERED** this  _**24**__**th**_  day of September, 2008.


_**s/ A. KORNBLUM**_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**No. 1:08cv147-mp/ak**